## S. M. WOODSMALL *v.* A. Q. MEYER.

**Bills and Notes—Endorsers.**

Where the payee of a note was the first to indorse it, subsequent indorsement by another did not make him a guarantor of the drawer and the payee; it operated only to bind him with the first indorser and the obligors to the holders of the note; but as between the first and second endorser, the effect was to bind the latter as surety for the former.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 7, 1873.

OPINION BY JUDGE HARDIN:

The note in controversy is made payable to the appellee and first endorsed by him; the subsequent endorsement of the appellant did not make him a guarantor of the drawers of the note to the appellee, but operated only to bind him with the appellee and the obligors to the bank, as other holders to whom the paper might, before its maturity, be passed; but as between the appellee and the appellant, the import of the endorsement is to bind the latter as surety for the former, and not as a surety or guarantor to him. The averment of the appellee that appellant's endorsement constituted or was a guaranty to him is expressly contradicted by the answer; and it was not sustained by any evidence. The court should, therefore, have treated the parties as standing in the relative positions legally imparted by the paper, and dismissed the action as was in effect done by the justice of the peace.

Wherefore the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion, further pleadings being allowed to both parties, if appearing to be necessary in furtherance of justice.

*Walker, for appellant.*

*Mundy, for appellee.*